**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ESTHER P. HOLM, SB# 140279
 E-Mail: Esther.Holm@lewisbrisbois.com
I. JUSTINE KILPATRICK, SB# 254183
 E-Mail: Justine.Kilpatrick@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendants, ADAM DANIEL HUCKINS and ALLY FINANCIAL, INC. (Doe 1)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| THOMAZ HENRIQUE SERRA, an individual; MARIA TAMIRIS CAVALCANTE DA SILVA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM DANIEL HUCKINS, an individual; ALLY, LLC, a business entity of unknown form; and DOES 1 to 20,<br><br>Defendants. | Case No. 2:22-cv-5099<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** |

**NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFF, HIS ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, ADAM DANIEL HUCKINS and ALLY FINANCIAL, INC. (Doe 1) ("Defendants") hereby remove this action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California.

4886-0556-6499.1

1. On or about December 1, 2021, Plaintiff THOMAZ HENRIQUE SERRA ("Plaintiff") filed a Complaint in Superior Court of California in and for the County of Orange, entitled, *Thomaz Henrique Serra, et al. v. Adam Daniel Huckins, et al.*, Case No. 30-2021-01234123-CU-PA-CJC ("Complaint"), alleging the following causes of action: (1) motor vehicle; (2) general negligence; and (3) loss of consortium. A true and correct copy of the Complaint is attached hereto as **Exhibit A.** True and correct copies of the Summons and other notices served therewith are attached hereto as **Exhibit B**.

2. An answer to the Complaint was filed on behalf of ADAM DANIEL HUCKINS and ALLY, LLC on or about February 2, 2022. (Declaration of I. Justine Kilpatrick ("Kilpatrick Decl.") ¶ 3.)

3. MARIA TAMIRIS CAVALCANTE DA SILVA dismissed her complaint on or about February 25, 2022. A true and correct copy of the dismissal filed by Maria Tamiris Cavalcante Da Silva is attached hereto as **Exhibit C.**

4. During discovery, the parties determined that the correct Defendant was Ally Financial, Inc. (Kilpatrick Decl. ¶ 5.) A true and correct copy of the Amendment to the Complaint, filed on May 17, 2022 is attached hereto as **Exhibit D.**

5. On June 24, 2022, a Request for Dismissal was entered as to Defendant, Ally, LLC. A true and correct copy of the Request for Dismissal of Ally, LLC is attached hereto as **Exhibit E**. A true and correct copy of the state court file constituting all process, pleadings, and other orders filed in the state court action are attached as **Exhibit F.**

## I.  NOTICE OF REMOVAL IS TIMELY

6. This Notice of Removal is timely, as it was filed within 30 days of receipt by Defendants ALLY FINANCIAL, INC. and ADAM DANIEL HUCKINS of the dismissal of ALLY, LLC on June 24, 2022, from which it was first ascertained that the case is one which has become removable based on diversity jurisdiction.

/ / /

## II. VENUE

7. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the state court where the removed action has been pending.

## III. DIVERSITY JURISDICTION EXISTS

6. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where, based on information and belief, Plaintiff claims an amount in controversy that exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7. For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state that constitutes its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the state in which its "high level officers direct, control and coordinate the corporation's activities." See *Hertz v. Friend*, 130 S. Ct. 1181, 1186 (2010). The Supreme Court has also held that the place of citizenship "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

8. Defendant ALLY FINANCIAL, INC. is, and at all times alleged in the Complaint has been, a corporation incorporated under and by virtue of the laws of the State of Delaware. (Declaration of Leland Coblentz ("Coblentz Decl.") ¶ 4.) The majority of Defendant ALLY FINANCIAL, INC.'s high-level executive, marketing, and legal functions take place in Charlotte, North Carolina. Corporate headquarters is located in Charlotte, North Carolina. (Coblentz Decl. ¶¶ 4-5.) Accordingly, Defendant ALLY FINANCIAL, INC.'s principal place of business is Charlotte, North Carolina for diversity purposes.

9. Because Defendant ALLY FINANCIAL, INC. was incorporated in the State of Delaware and has its principal place of business in the State of North Carolina,

///

Defendant ALLY FINANCIAL, INC. is a citizen of the State of Delaware and North Carolina for diversity purposes.

10. Defendant ADAM HUCKINS resides in Mason, Ohio. (Declaration of Adam Daniel Huckins ("Huckins Decl.") ¶ 4.)

11. Based on the allegations set forth in the Complaint, the alleged incident occurred in Orange County, California. Based on information and belief, Plaintiff THOMAZ HENRIQUE SERRA resides in Orange County, California. (Kilpatrick Decl. ¶ 2.) Plaintiff is therefore a citizen of the State of California. See 28 U.S.C. 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (recognizing that residence is prima facie evidence of domicile for purposes of determining citizenship).

12. The citizenship of unnamed fictitiously named "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(a).

13. Based on the foregoing, complete diversity between the adverse parties exists.

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. The amount in controversy appears to exceed the sum or value of $75,000 exclusive of interest and costs. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. 28 U.S.C. § 1446; *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-04 (9th Cir. 1996).

15. Defendants deny any and all liability to Plaintiff, and disputes the nature and extent of Plaintiff's claimed injuries. However, in written discovery, Plaintiff contends he was riding a motorcycle at the time of the incident and, as a result of the incident, sustained *inter alia* multiple fractures, including a broken spine and concomitant loss of use of arms and legs. Based on a conservative good faith estimate of the value of the alleged damages in this action and the significant experience of

Defendant's counsel, I. Justine Kilpatrick, in defending similar personal injury cases involving claimed injuries for hospital and medical expenses, it is believed the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. (Kilpatrick Decl. ¶ 7); see *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376-377 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present*); Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (ND. Cal. 2002) (holding that a plaintiff's damage claim, including lost wages, medical expenses, and emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

WHEREFORE, the proceeding paragraphs establishing that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, Defendants respectfully gives notice that the action pending in the Superior Court of the State of California in and for the County of Orange and captioned *THOMAZ HENRIQUE SERRA, Plaintiff v. ADAM DANIEL HUCKINS, et al.*, Case No. 30-2021-01234123-CU-PA-CJC, is removed to the United States District Court, for the Central District of California, Southern Division

DATED: July 22, 2022       LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Esther P. Holm
I. Justine Kilpatrick
Attorneys for Defendants, ADAM DANIEL HUCKINS and ALLY FINANCIAL, INC.

# FEDERAL COURT PROOF OF SERVICE
Serra, Thomas

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 22, 2022, I served the following document(s): DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 22, 2022, at Costa Mesa, California.

_____
Stacy Gibboney



4886-0556-6499.1

1

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT



| | | |
|---|---|---|
| 1 | | **SERVICE LIST** |
| 2 | | **Serra, Thomas**<br>**Case No. 30-2021-01234123-CU-PA-CLC** |
| 3 | Robert J. Ounjian<br>Carpenter & Zuckerman | Attorneys for Plaintiffs THOMAZ HENRIQUE SERRA, and MARIA TAMIRIS CAVALCANTE DA SILVA |
| 4 | 8827 West Olympic Blvd.<br>Beverly Hills, CA 90211 | Tel: (310) 273-1230<br>Fax: (310) 858-1063 |
| 5 | | |
| 6 | | Email: robert@cz.law<br>angela@cz.law |
| 7 | | psutliff@cz.law |
| 9 | Robert Vetchtein<br>Law Offices of Vetchtein & Associates, APC | Co-Counsel for Plaintiffs THOMAZ HENRIQUE SERRA, and MARIA TAMIRIS CAVALCANTE DA SILVA |
| 10 | 13 Corporate Plaza dr., Ste. 115<br>Newport Beach, CA 92660 | |
| 11 | | Tel: (800) 220-8616<br>Fax:(888) 868-5485 |
| 12 | | Email: robert@vetchteinlaw.com |

4886-0556-6499.1

2

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT